Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. SEAN MICHAEL FITZGERALD, *Defendant*. | Crim. No. 20-549 OPINION |

**VAZQUEZ, DISTRICT JUDGE**

Pending before the Court is Defendant Sean Michael Fitzgerald's motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). D.E. 2 ("Br."). The government filed opposition, D.E. 6 ("Opp."), to which Defendant replied, D.E. 7 ("Reply"). The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the following reasons, the Court denies the motion.

## I. Background

This matter originated in the United States District Court for the Western District of Michigan. Following trial in May 2017, Defendant was found guilty of operation of a common carrier while under the influence of alcohol in violation of 18 U.S.C. §§ 341, 342 & 343. The conviction stemmed from events on August 25, 2016 in Michigan. Fitzgerald arrived to pilot a flight from Michigan to Massachusetts. Once in the cockpit, Defendant powered on the lighting and radio system and contacted the tower for clearance to depart. A police officer then entered the aircraft and informed Defendant that he was suspected of being intoxicated; Fitzgerald denied that

he was under the influence. Following a visual field test, two breath tests indicated Defendant's blood alcohol content ("BAC") to be 0.301 and 0.302 percent. A later blood test measured a BAC of 0.343. Before sentencing, Fitzgerald acknowledged that he suffered from alcoholism and had been consuming a 12-pack of beer daily for three years.

On October 13, 2017, Defendant was sentenced to one year and one day in prison to be followed by a three-year term of supervised release. In addition to the standard conditions of release, the sentencing judge imposed special conditions requiring Fitzgerald to participate in an inpatient or outpatient alcohol abuse treatment program, to refrain from the use of alcohol, and to participate in an alcohol abstinence program. Defendant's supervision commenced in December 2019 and was transferred to this District in June 2020.

Defendant filed the current motion after serving approximately fifteen months of his supervised release. Br. Fitzgerald explains that since his supervision started, he has lived in Hoboken with his fiancé, has obtained gainful employment, has complied with his release conditions, and has satisfied his financial obligations. *Id.* at 2. As a result, Defendant indicates that he was transferred to the District's "Low Intensity" caseload. *Id.* Defendant also submitted a certification stating that he (1) does not meet the criteria of a career drug offender or career criminal, (2) has not committed a sex offense or engaged in terrorism, (3) has no history of violence, (4) has not engaged in any criminal conduct, (5) does not abuse alcohol or use illicit drugs; and (6) has not had any recent psychiatric episodes. Br. Ex. B.

Defendant asserts that the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish. Br. at 4. As to the nature and circumstances of his offense, Defendant submits that it was non-violent and was committed before any passengers had boarded. *Id.* at 5. Defendant continues that this factor, along with the

other relevant Section 3553(a) factors, weigh in favor of his motion. *Id.*

In opposition, the Government first points to the nature and circumstances of the offense. Opp. at 3. The Government notes that although the aircraft never took off, "the potential danger to those ready to board the flight cannot be overstated. By preparing to co-pilot while intoxicated, Fitzgerald displayed a total disregard for the safety of others who implicitly trusted him to safely co-pilot the plane." *Id.* at 4. The Government continues that the special conditions of supervised release as to alcohol abstinence and treatment were necessary medical treatment. *Id.* The Government adds that Defendant has not pointed to any new or unforeseen circumstances which would justify an early termination. *Id.* at 5.

In reply, Fitzgerald reiterates that the purpose of supervised release is to help integrated offenders back into the community. Reply at 1. While acknowledging that the nature and circumstances of the offense are germane, Defendant asserts that the seriousness the offense is irrelevant. *Id.* at 2. As to the need to prevent him from engaging in future alcohol-related offenses, Fitzgerald indicates that he is no longer a pilot and has gainful employment. *Id.*

## II. Legal Standard

18 U.S.C. § 3583(e)(1) provides that, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the Court may

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C. § 3583(e)(1). The § 3553(a) factors the Court must consider are

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further

> crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Davies*, 746 F. App'x 86, 88 (3d Cir. 2018) (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7)); *accord United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). After considering those § 3553(a) factors, a district court may, in its discretion, terminate a period of supervised released if it is satisfied that such action "is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52. The court need not make specific findings of fact with respect to each factor – a statement that the court has considered the factors is sufficient. *Id.* (citing *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)).

Recently, in *Melvin*, the Third Circuit clarified that a district court is not required to find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release. *Id.* But, the Third Circuit made clear, that does not mean such circumstances are irrelevant to granting or denying a motion for early termination of supervised release. *Id.* The court in *Melvin* explained "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* The Third Circuit continued that "[w]e think that '[g]*enerally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* (emphasis in original) (quoting *Davies*, 746 F. App'x at 89); *see also United States v. Szymanski*, No. 12-0247, 2020 WL 6515958, at *2 (W.D. Pa. Nov. 5, 2020)

4

("The court explained in *Melvin* that, although not required, some changed circumstances will generally be important to warrant early termination of supervised release [.]").

## III. Discussion

The Court denies Fitzgerald's motion. In considering the relevant 3533(a) factors, the Court finds that an early termination of supervised release is not appropriate. The nature and circumstances of the offense militate against the motion. Fitzgerald's BAC was at a level that would leave many persons comatose. And the Court agrees with the Government – but for the intervention of law enforcement, Fitzgerald was willing to put all passengers (and other crew) in serious peril.

Fitzgerald also points to numerous factors – such as career drug offender, career criminal, sex offense, and terrorism – that were never at issue in his case. The Court will not credit Defendant for behavior that was not relevant or considered by the sentencing court as aggravating circumstances. Fitzgerald has made positive strides in his life. He has a job and he and his fiancé are expecting a child. While commendable, compliance with conditions of release is expected.

Finally, it appears that Defendant's crime stemmed from his struggle with alcohol. As part of his special condition, Defendant was ordered to avoid alcohol and also participate in any necessary treatment. Yet, Defendant now attests that he does not "*abuse* alcohol or *use* illicit drugs." Br., Ex. B ¶ 13 (emphases added). This statement is extremely concerning. Pursuant to his terms of supervised release, Defendant is prohibited from *using*, much less *abusing*, alcohol. If he is using alcohol, then he is in violation of his terms of release. Yet, assuming that Defendant meant to say that he was not using alcohol, his continuation on supervised release should continue to aid in his reintegration into society. Again, it appears that the root of Defendant's crime was his addiction to alcohol. While on supervised release, he cannot use alcohol. If he should begin

5

to, the Court will be in a position to provide him the treatment that he needs. Otherwise, Fitzgerald remains on the low intensity caseload, which provides a less intrusive means of supervision.

**IV. Conclusion**

For the foregoing reasons, Fitzgerald's motion is denied. An appropriate Order accompanies this Opinion.

Dated: July 8, 2020

                                                 John Michael Vazquez, U.S.D.J.